**FILED**
**July 31, 2024**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**City of Dunbar,**
**Plaintiff Below, Respondent**

**v.)  No. 22-873** (Kanawha County 22-M-AP-5)

**James M. Gray,**
**Defendant Below, Petitioner**


## MEMORANDUM DECISION


The petitioner James M. Gray appeals the Circuit Court of Kanawha County's October 20, 2022, order sentencing him to pay a $1,000 fine and $280 in court costs following his convictions for assault on a law enforcement officer and obstructing an officer.[1] On appeal, the petitioner presents one assignment of error, arguing that the circuit court erred when it denied his motion to dismiss the charges. Upon our review, finding no substantial question of law and no prejudicial error, we determine oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In March 2022, the petitioner was charged with assault on a law enforcement officer and obstructing an officer in violation of Dunbar Municipal Code Sections 501.02 and 529.021. After a bench trial in the Municipal Court for the City of Dunbar in June 2022, the petitioner was convicted on both charges. The petitioner appealed the municipal court's judgment order to the circuit court, which scheduled a de novo bench trial for September 2022. At the outset of the trial in circuit court, the petitioner moved to dismiss the charges because Patrolman P. Oxley, who filed the criminal complaint, was not present. The petitioner argued that Patrolman Oxley's presence at trial was necessary because he had "a right to confront his accuser." The court denied the petitioner's motion because the City had two officers present at the trial who were witnesses to the offenses.

Dunbar Police Department Corporal Christopher Kendall testified that he and Patrolman Oxley responded to a call regarding possible trespassers at a residence in Dunbar. Corporal Kendall testified that when they arrived at the residence, the door was open, and Patrolman Oxley found the petitioner inside. Corporal Kendall and Patrolman Oxley spoke to the petitioner and explained that they were investigating a trespassing complaint and that it was their understanding no one was allowed to be inside the residence. Lieutenant Adam Mason, also of the Dunbar Police Department, testified that he went to the residence after Corporal Kendall advised him that there was a potential

---

[1] The petitioner appears by counsel Mark Barney. Respondent City of Dunbar appears by counsel Jennifer Scragg Karr.

1

trespasser on the property. Lieutenant Mason arrived and spoke on the phone with the caretaker of the residence, who initially advised him that no one had permission to be inside. Lieutenant Mason then instructed Corporal Kendall and Patrolman Oxley to detain the petitioner. While Patrolman Oxley was attempting to place the petitioner in handcuffs, the caretaker heard the petitioner's voice and told Lieutenant Mason that he "did have permission to be inside and work on the house." Lieutenant Mason then instructed the officers to take the petitioner out of handcuffs. Corporal Kendall testified that when he was in the process of taking the handcuffs off, the petitioner swung his left fist toward him. Lieutenant Mason testified that the petitioner "turned suddenly towards Corporal Kendall who was beside of him and raised his [arm] in an aggressive manner." Corporal Kendall then took the petitioner to the ground, and the petitioner resisted until the officers were able to handcuff him once again. The petitioner was taken to the Dunbar Police Department, and Patrolman Oxley filed the criminal complaints against him.

After the State rested its case, the petitioner moved to dismiss the charges, or alternatively, for a judgment of acquittal because "the complaining officer," Patrolman Oxley, did not testify. The circuit court denied this motion, finding that the officers' testimony "unequivocally established that Mr. Gray approached them aggressively with a raised, closed fist, and that there was a perception that . . . Corporal Kendall was going to be struck by him." Then, the petitioner testified in his own defense and denied raising his fist at the officers. He did not present any other witnesses. After all the evidence was submitted, the court found the petitioner was guilty of assault of a police officer and obstructing an officer.

On appeal, the petitioner argues that the circuit court erred when it denied his motion for judgment of acquittal because the officer that filed the criminal complaints, Patrolman Oxley was not "present for the bench trial."[2] We have held that "a trial court should not grant a motion to dismiss criminal charges unless the dismissal is consonant with the public interest in the fair administration of justice.' Syl. Pt. 12, in part, *Myers v. Frazier*, 173 W. Va. 658, 319 S.E.2d 782 (1984)." Syl. Pt. 2, in part, *State v. Holden*, 243 W. Va. 275, 843 S.E.2d 527 (2020).

The petitioner maintains that the court should have dismissed his charges because he had a constitutional right to confront Patrolman Oxley at trial. We have held that the Confrontation Clause "bars the admission of a testimonial statement by a witness who does not appear at trial, unless the witness is unavailable to testify and the accused had a prior opportunity to cross-examine the witness." Syl. Pt. 6, in part, *State v. Mechling*, 219 W. Va. 366, 633 S.E.2d 311 (2006). In this case, the criminal complaint was not admitted as evidence, and the petitioner does not allege that any extrajudicial testimony from Patrolman Oxley was admitted at trial. Accordingly, the petitioner has not demonstrated that he was denied the right to confront a witness against him. Given the evidence presented at trial, we cannot say that the court erred in denying the petitioner's motion to dismiss, or in the alternative, for a judgment of acquittal.

For the foregoing reasons, we affirm.

Affirmed.

---

[2] The petitioner did not move for the trial to be continued because of Patrolman Oxley's absence.

**ISSUED:** July 31, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn